UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BREANNA JACKSON,

    Petitioner,

v.                                No: 8: 20-cv-964-T-02JSS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER DISMISSING PETITION

    This matter comes before the Court on Ms. Jackson's Petition under 28 U.S.C. § 2254, seeking relief from a 120-month custodial sentence imposed in the Thirteenth Judicial Circuit of Florida. Doc. 1. The State has responded, Doc. 9, and Petitioner has replied, Doc. 12. In essence, Petitioner claims that she received a 12-month sentence, as shown in her sentencing transcript. Respondent counters that the 120-month sentence is correct, and the contrary transcript is a scrivener's error. Although timely, the Petition is procedurally barred and dismissed. The Court's review further shows the merits of the petition to be frivolous.

    ***BACKGROUND:*** In June 2013, Petitioner pled guilty in Case No. 13-CF-001133 to one count of aggravated battery causing great bodily harm. This 2013 sentence was a negotiated plea, and Petitioner received a sentence of 24 months'

probation. Ex. 3.[1] But Petitioner committed more crimes.

In January 2014 while on probation for the 2013 sentence, Petitioner pled guilty in Case No. 13-CF-012722 to dealing in stolen property, burglary of an unoccupied structure, and giving false information to a pawnbroker. Ex. 36 at 2–3; Doc. 9-3 at 59. For these new charges, she received 24 months' community control followed by 36 months' probation. *Id.* Also in January 2014, the court revoked Petitioner's probation for the 2013 battery sentence (Case No. 13-CF-001133). Petitioner admitted this probation violation, and for it she received two years' community control followed by three years' probation. Ex. 11.

On September 18, 2014, the state circuit judge found Petitioner to be in violation of the conditions of community control. The judge revoked Petitioner's community control in both cases noted above and sentenced her to prison. For the 2013 aggravated battery sentence, the judge sentenced Petitioner to 120 months' incarceration. Exs. 16–18, 28; Doc. 9-3 at 53, 65. In Case No. 13-CF-012722, the judge sentenced Petitioner to 120 months' incarceration on count one and concurrent five-year sentences on the other counts. The sentences in each of the two cases were to run concurrently. *Id.* The Florida Second District Court of Appeal affirmed the sentences without opinion on September 16, 2015. Ex. 25; *see*

---

[1] All cited records below are found at Docket 9. There they are set forth in exhibit numbers, shown here as Ex. ___.

*Jackson v. State*, 178 So. 3d 409 (Fla. 2d DCA 2015).

On May 9, 2016, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Ex. 27. Petitioner's motion was equivocal. She noted that the guidelines recommended 33 months at the low end, and the maximum possible guidelines sentence was 30 years for the aggravated battery with great bodily harm count. *Id.* at 1. Petitioner noted that according to the sentencing transcript the court sentenced her to 12 months. Yet the written judgment reflected 120 months. *Id.* Petitioner stated, "[t]here is, therefore, a distinct possibility that the transcription from the digital recording might have been inaccurate." *Id.* But Petitioner did not state anywhere in this motion that she was sentenced to 12 months and not 120 months. She stated only that the Court should look into it and correct the transcript or the written judgment—depending on which was accurate. *Id.* at 1–2.

The circuit judge handling this postconviction motion was not the sentencing judge. The postconviction circuit court examined the clerk's notes and the revocation order, as well as the court docket sheet and the guidelines scoresheet. Ex 28 at 2; Doc. 9-3 at 71, 73. The transcript showed that no departure hearing was held. It also showed defense counsel requested the lowest guidelines-permissible sentence, and the sentencing judge did not depart below the guidelines. Ex. 28 at 2. The postconviction court held that the "12" listed in the sentencing transcript was a

scrivener's error, and "the record conclusively refutes Defendant's allegations." *Id.* The postconviction court denied Petitioner's motion and found that the judgment reflecting a 120 month-sentence was correct. *Id.* But on appeal from this denial, the state appellate court reversed for consideration of the motion with an evidentiary hearing pursuant to Florida Rule of Criminal Procedure 3.850. Ex. 34; *see Jackson v. State*, 226 So. 3d 348 (Fla. 2d DCA 2017).

On remand, the state circuit court conducted an evidentiary hearing in February 2018. Exs. 36, 39. There was no audio recording from the sentencing to consult. Ex. 37 at 3. The prosecutor testified. He stated that he had contemporaneous notes, and he had a present recollection but not an independent one. He recalled Petitioner was sentenced to 120 months although her defense lawyer had asked for the low end of the guidelines at 33 months. Ex. 39 at 5–7.

The paper record validated the prosecutor's recollection. It showed that the day after the sentencing defense counsel filed a motion to modify the 120-month sentence, which expressly recited and objected to the 120-month sentence. Ex. 40, Doc. 9-3 at 42, 80. Five days after the motion to modify, the sentencing judge held a hearing on that motion, which Petitioner attended while her daughter-in-law testified. At that hearing, which was transcribed, defense counsel noted that a ten-year sentence had been imposed even though the State had offered 28 months. *Id.* at 42, 82–85.

In addition to the prosecutor's testimony and the paper record, the circuit court heard from Petitioner's defense lawyer who had represented her at the time. Ex. 39 at 9–11. The defense lawyer testified that Petitioner went to a hearing on the violation of probation, and the State made a guidelines offer at the hearing. *Id.* at 10. The defense lawyer testified that the sentencing judge refused to go below the guidelines, and Petitioner was found in violation after the hearing and sentenced to 120 months in prison. *Id.* at 10–11. The defense lawyer filed a formal motion to reconsider this ten-year sentence shortly after it was imposed, which was denied. *Id.* at 11.

Among the other items noted by the circuit court was a letter that Petitioner sent to the sentencing judge, remonstrating against the ten-year sentence. In her letter Petitioner wrote, "[L]ast week when you sentenced me to 120 mos. my eyes have been opened. I do realize the great chance you have previously given me with community control. You were very gracious . . . ." Ex. 40, Doc. 9-3 at 88. Shortly thereafter, Petitioner filed a pro se motion to reduce her sentence in which she acknowledged her sentence as "Term of Sentence: 120 months D.O.C." *Id.* at 90.

After this evidentiary hearing and review of the paper record, the postconviction circuit court again denied Petitioner's motion. *Id.* at 40. The state appellate court affirmed without opinion. Ex. 45; *see Jackson v. State*, 280 So. 3d 34 (Fla. 2d DCA 2019).

Petitioner then filed this timely § 2254 petition. She asserts that the sentencing court orally pronounced a 12-month sentence and it was not a scrivener's error. Oral pronouncement prevails over other evidence under Florida law, she contends, and failure to grant relief violates her rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. Doc. 1 at 5. Petitioner does not identify which specific rights under those Amendments are violated.

***THE LEGAL STANDARDS:*** The Court follows the clear guidelines set down for consideration of § 2254 cases. *See generally Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1310–11 (11th Cir. 2016). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). To prevail under § 2254(d)(1), a petitioner must show that the state court's decision was "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations omitted). Under § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless [the decision is] objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). A state court's factual findings are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence. *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1244 (11th Cir.

2017).

Before seeking habeas relief for a violation of federal law under 28 U.S.C. § 2254, a petitioner "must exhaust all state court remedies available for challenging his conviction." *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing § 2254(b),(c)). To properly exhaust a claim, a state prisoner must fairly present his claim in each appropriate state court in such a manner as to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

*ANALYSIS:* Petitioner did not present her federal constitutional claim to the state courts. In both her state postconviction motion and her brief on appeal from the denial of that motion, she challenged her sentence only on state law grounds. She did not mention the federal constitution, did not assert a violation of any federal constitutional right, and did not cite any federal cases. She argued her claim only as an issue of state law. No federal right or federal claim was ever asserted.

A petitioner who fails to properly exhaust a claim is procedurally barred from pursuing that claim on habeas review in federal court unless the petitioner shows either cause for and actual prejudice from the default or establishes a fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." *See Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995); *Lucas*, 682 F.3d at 1353.

Petitioner shows no cause or prejudice. Having pled guilty several times, she has no grounds for an actual innocence claim. Thus, her claim is procedurally barred from federal review.

In addition to being unexhausted and procedurally barred, Petitioner's claim is devoid of merit. It is disingenuous. The facts, as discussed above, are clear: She got a ten-year sentence.

Petitioner does not state a reasonable claim, upon which jurists could differ, concerning the denial of any federal or constitutional right. The Petition is frivolous. Thus the Court does not find grounds for a certificate of appealability, and denies same. And there is thus no entitlement to proceed in forma pauperis. The Petition is dismissed.

**DONE AND ORDERED** at Tampa, Florida, on October 13, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se